**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEON FISHER, JR.,<br><br>       *Plaintiff*,<br><br>   v.<br><br>CLARK CONSTRUCTION GROUP, LLC,<br>*et al.*,<br><br>       *Defendants.* | Civil Action No. 25-cv-1589 (RDM) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Leon Fisher, Jr., proceeding *pro se*, brings this suit against several individuals and business entities based on his alleged January 4, 2024, assault while working on a construction site. *See* Dkt. 1 at 6 (Compl.). Although Plaintiff has failed to effect service on some of the Defendants, those Defendants who have been served have now filed motions to dismiss under Federal Rules of Civil Procedure 8 and 12. *See* Dkts. 11, 17, 39, 46. Because Plaintiff's complaint does not include a short and plain statement of the claims he seeks to assert in this case, and therefore does not give Defendants fair notice of the nature of the suit, the Court will **GRANT** the pending motions to dismiss and dismiss the complaint under Rule 8. The Court will also dismiss under Rule 4(m) any claims against the Defendants whom Plaintiff has been unable to serve.

Plaintiff's original complaint is short on details and difficult to parse, but it alleges that he was assaulted on a jobsite on January 4, 2024, by an employee of Clark Construction Group. Dkt. 1 at 6 (Compl.). After notifying his supervisor, Russell Barnett, and "John," the owner of the Elevation Green Roof Company, Plaintiff spoke with a Clark Construction safety employee.

*Id.* Plaintiff later learned that the Clark Construction safety employee and his alleged assailant were observed walking together after the incident.[1] *Id.* Plaintiff ultimately filed an EEOC charge. *Id.* After receiving right to sue letters, *see* Dkt. 1-1 at 1–5, Plaintiff then filed this suit naming Clark Construction Group, James Myers Construct, Elevation Green Roof, "John," three Clark Construction employees (Peter, Hiedi, and Chuck Diaz), James Myers, Brian Davis, a second "John" who allegedly worked for Elevation Green Roof, and "Andrew" as defendants, *see generally* Dkt. 1 (Compl.).[2] The complaint references claims for conspiracy, discrimination, negligence, and emotional "neg," or "negl." *Id.* at 5 (Compl.).

After the case was assigned to Magistrate Judge Harvey and Plaintiff began efforts to effect service, Defendants Brian Davis and James Myers Co., Inc. filed a motion to dismiss and/or for a more definite statement, *see* Dkt. 11; Dkt. 13. Plaintiff both opposed those motions, *see* Dkt. 15, and on September 29, 2025, filed an uncaptioned "motion," *see* Dkt. 14, which discussed adding claims for conspiracy, collusion, and bribery to his allegations, and which Judge Harvey construed as a motion for leave to file an amended complaint, *see* Min. Order (Oct. 6, 2025). Clark Construction Group, LLC then filed its own motion to dismiss, *see* Dkt. 17, and Plaintiff opposed the motion, *see* Dkt. 26.

---

[1] Although not included in the pleadings, Plaintiff provides some additional details in his oppositions to the pending motions to dismiss. In one filing, he represents that he "was verbally and physically assaulted by Nicholas Smith, a Clark Construction safety employee." Dkt. 26 at 2. He further states that he was advised by a different Clark Construction employee to wait before filing an EEOC complaint, and that a second meeting was held to discuss the incident on January 12, 2024. *Id.* at 2–3. On March 12, 2024, Plaintiff was removed from the worksite for not wearing a harness, which he claims was retaliatory. *Id.* at 3.

[2] Based on the names used by Defendants in their motions to dismiss, it appears that Plaintiff mislabeled several of the entities at issue.

Judge Harvey scheduled a status conference for the parties on December 10, 2025.  *See* Min. Order (Nov. 25, 2025).  At the status conference, Judge Harvey concluded that, when Plaintiff filed his own "motion" following Defendants Brian Davis and James Myers Co., Inc.'s motion to dismiss, *see* Dkt. 14, Plaintiff had in fact been entitled to amend his complaint as of right under Federal Rule of Civil Procedure 15.  *See* Min. Order (Dec. 10, 2025).  Rather than (belatedly) permit Plaintiff to file an amended complaint and deny the pending motions to dismiss as moot, Judge Harvey elected, with the agreement of the parties, to treat any motion to dismiss as challenging "the complaint as amended by Plaintiff[']s filing of September 29, 2025." *Id.*  Defendants Elevation Greenroofs LLC, Andrew Stanton, and John Bailey then filed their own motion to dismiss, *see* Dkt. 39, which Plaintiff opposed, *see* Dkt. 45.  Finally, Defendant Richard Myers—who Judge Harvey substituted as a Defendant for the deceased James Myers, *see* Dkt. 37—filed his own motion to dismiss, *see* Dkt. 46.  Plaintiff has not filed an opposition to that motion, despite an order from Judge Harvey directing him to do so on or before May 7, 2026.  *See* Dkt. 47.

The case has now been reassigned to the undersigned because the parties did not unanimously consent to continued proceedings before Judge Harvey.  *See* Dkt. 48.  The Court will grant the pending motions to dismiss, Dkts. 11, 17, 39, 46, and will dismiss the complaint without prejudice under Rule 8.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds" upon which the Court's jurisdiction depends, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendant of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine

3

whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). And although the Court must construe Plaintiff's *pro se* pleadings generously, even "*pro se* plaintiffs must comply with the Federal Rules of Civil Procedure." *Coulibaly v. Pompeo*, 318 F. Supp. 3d 176, 183 (D.D.C. 2018).

Plaintiff's complaint, even as amended by the September 29, 2025, "motion," does not clear Rule 8's low bar. Although the complaint alleges the occurrence of an assault, and gestures at potential causes of action such as "discrimination" or "negligence," it does not allege facts sufficient to discern what Plaintiff contends happened or why it violated the law. The core of his complaint, for example, appears to rest on an alleged assault, but Plaintiff does not allege any facts describing the alleged assault. Similarly, he asserts that he was the victim of discrimination and related retaliation but says nothing about the nature of the alleged discrimination (race, sex, age, disability?) or about why he believes he was the victim of discrimination. Instead, Plaintiff's amended complaint consists of little more than disjointed assertions, leaving the reader to guess what Plaintiff contends occurred and why that conduct is actionable. Nor does Plaintiff identify any individual Defendant's relationship to the events at issue or explain which causes of action Plaintiff seeks to pursue against which party. Finally, Plaintiff fails to explain why this Court has jurisdiction over his claims and why venue is proper in this jurisdiction.

Plaintiff has thus failed to put Defendants on notice as to the nature of the claims being asserted in this case and prevented them from preparing an informed defense to his allegations. *See Brown*, 75 F.R.D. at 498. Plaintiff does, admittedly, add more color to the events underlying his factual allegations in some of his oppositions to the pending motions to dismiss. *See, e.g.*, Dkt. 45 at 1–3. But even beyond the threshold difficulty that those allegations do not appear in the operative complaint, and thus cannot satisfy Rule 8, even Plaintiff's (more detailed)

assertions in his briefs in opposition do not provide adequate fair notice of the factual and legal basis for Plaintiff's claims against each of the many individuals and entities named in his pleadings. *See Am. President Lines, LLC v. Matson, Inc.*, 633 F. Supp. 3d 209, 234 (D.D.C. 2022) (a complaint must give "each named defendant" "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 555 U.S. 308, 319 (2007))).

Beyond the defects in the complaint, Plaintiff has also declined to provide addresses at which the U.S. Marshals Service may effect service for some of the Defendants, despite repeated reminders (and extensions) from Judge Harvey. *See, e.g.*, Min. Order (Dec. 11, 2025); Min. Order (Feb. 17, 2026). As a *pro se* plaintiff filing in forma pauperis, Plaintiff is entitled to have the U.S. Marshals Service carry out service on his behalf, but he is required under Local Rule 5.1(c)(1) to provide an address for each defendant. *See* Dkt. 4; *see also* LCvR 5.1(c)(1); 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). More than a year has passed since Plaintiff filed his complaint, and he has yet to provide a functional address for defendants "Peter," "Hiedi," or "Chuck Diaz." The Court will, accordingly, dismiss the claims against those Defendants without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 4(m).

*    *    *

For the foregoing reasons, Defendants' motions to dismiss, Dkt. 11, Dkt. 17, Dkt. 39, Dkt. 46, are hereby **GRANTED** and Defendants Brian Davis and James Myers Co., Inc.'s motion for a more definite statement, Dkt. 13, is hereby **DENIED** as moot.  It is further **ORDERED** that the claims against Peter, Hiedi, and Chuck Diaz are **DISMISSED** for failure to prosecute.

SO ORDERED.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 4, 2026

6